MOTION TO DISMISS APPEAL
HOOD, Judge.
This case is before us on a motion to dismiss an appeal taken by defendants, Liberty Mutual Insurance Company and Glaser Construction Company, Inc., insofar as the appeal may affect or relate to a summary judgment rendered by the trial court on May 18, 1972. We deny the motion.
The suit was instituted originally against Liberty Mutual and Glaser, and these defendants filed a third party action against Employers Mutual Insurance Company of Wisconsin. A summary judgment was rendered by the trial court on May 18, 1972, dismissing the third party action against Employers Mutual. Liberty Mutual and Glaser appealed from that judgment, and the appeal was timely perfected by filing an appeal bond on August 17, 1972.
After the above mentioned summary judgment was rendered, the case was tried on its merits, and the trial judge rendered judgment on September 14, 1972, in favor of plaintiff and against defendants, Liberty Mutual and Glaser. The defendants then took a separate appeal from that judgment, and that appeal was timely perfected by the filing of an appeal bond on November 6, 1972. The record has been lodged in this court on both of those appeals.
Employers Mutual, the third party defendant, has filed a motion to dismiss the appeal insofar as it affects the summary judgment rendered on May 18, 1972, alleging as grounds for the relief sought that the appeal was taken too late. In that motion it alleges that no appeal was taken from the summary judgment rendered on May 18, 1972, and that the appeal taken from the judgment rendered on September 14, 1972, was too late to affect the summary judgment.
The record discloses that neither the mover nor its counsel were ever notified of the fact that a separate appeal had been taken from the summary judgment rendered on May 18, 1972. They thus were not aware of the fact that such an appeal had been granted and perfected when the motion to dismiss the appeal was filed. The mover concedes that its motion to dis-
*382 miss should be denied if a separate appeal from the summary judgment was, in fact, perfected timely. We find that an appeal from the summary judgment was granted and perfected within the delays allowed by law.
The failure of the clerk of court to mail a notice of the appeal to counsel of record for the mover does not affect the validity of the appeal. LSA-C.C.P. art. 2121.
For the reasons assigned, the motion to dismiss the appeal is denied.
Motion denied.